# EXHIBIT A

1

COPY

1  Aaron Kaufmann, State Bar No. 148580
   David Pogrel, State Bar No. 203787
2  Giselle Olmedo, State Bar No. 294750
   LEONARD CARDER, LLP
3  1330 Broadway, Suite 1450
   Oakland, CA 94612
4  Tel: (510) 272-0169
   Fax: (510) 272-0174
5  E-mail: akaufmann@leonardcarder.com
6  E-mail: dpogrel@leonardcarder.com
   E-mail: golmedo@leonardcarder.com
7

8  *Attorneys for Plaintiffs*

9           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF ALAMEDA

11

12  MIGUEL VALADEZ, ISRAEL LUX       Case No.
    CARRILLO, on behalf of themselves and   **RG15787834**
13  all others similarly situated,
                                     **CLASS ACTION**
14           Plaintiffs,
                                     **COMPLAINT FOR:**
15       v.
                                     1) **REIMBURSEMENT OF BUSINESS**
16  CSX INTERMODAL TERMINALS, INC.,     **EXPENSES (LABOR CODE § 2802);**
    CSX TRANSPORTATION, INC., and    2) **UNLAWFUL DEDUCTIONS FROM WAGES**
17  DOES 1 to 10 inclusive,             **(LABOR CODE § 221 AND IWC WAGE**
                                        **ORDER NO. 9);**
18           Defendants.            3) **FAILURE TO PROVIDE OFF-DUTY MEAL**
                                        **PERIODS(LABOR CODE §§ 226.7, 512, IWC**
19                                      **WAGE ORDER NO. 9);**
                                     4) **FAILURE TO PROVIDE OFF-DUTY PAID**
20                                      **REST PERIODS (LABOR CODE §§ 226.7,**
                                        **IWC WAGE ORDER NO. 9);**
21                                   5) **MINIMUM WAGE (LABOR CODE §§**
                                        **1182.11, 1194, ET SEQ., IWC WAGE ORDER**
22                                      **NO. 9, MINIMUM WAGE ORDER);**
                                     6) **FAILURE TO FURNISH ACCURATE WAGE**
23                                      **STATEMENTS (LABOR CODE §§ 226 &**
                                        **226.3);**
24                                   7) **WAITING TIME PENALTIES (LABOR**
                                        **CODE §§ 201, 202 & 203); and,**
25                                   8) **VIOLATIONS OF THE UNFAIR**
                                        **COMPETITION LAW (UCL) (BUSINESS &**
26                                      **PROFESSIONS CODE §§ 17200-09).**

27                                   **DEMAND FOR JURY TRIAL**

28

---

                        **CLASS ACTION COMPLAINT**

1        1.      Plaintiffs Miguel Valadez and Israel Lux Carrillo allege as follows on behalf of

2  themselves and all others similarly situated in the State of California:

3                             **I.    INTRODUCTION**

4        2.      This is an action for relief from Defendants' unlawful misclassification of its truck

5  drivers as "independent contractors."  Defendants CSX Intermodal Terminals, Inc. and CSX

6  Transportation, Inc. and (collectively hereinafter "CSX" or "Defendants") are in the business of

7  providing intermodal freight transportation services through a combination of trains and trucks

8  primarily.   Defendants have engaged Plaintiffs and similarly situated Truck Drivers (collectively

9  "Class Members" or "Truck Drivers") to provide the drayage services portion of the intermodal

10  transport, pulling freight containerized in CSX trailers to and from rail yards and CSX's customers.

11        3.      Defendants have retained the right to exercise all necessary control over Plaintiffs

12  and the other Class Member Truck Drivers, such that the Truck Drivers are in fact Defendants'

13  employees under California law.  Plaintiffs challenge Defendants' policy of willfully and

14  unlawfully misclassifying their Truck Drivers as "independent contractors" and thereby failing to

15  indemnify them for employment-related expenses and losses; taking wrongful deductions from

16  their wages; failing to provide off-duty meal periods; failing to permit and authorize paid, off-duty

17  rest periods; failing to provide pay minimum wage; failing to provide accurate wage statements;

18  and failing to pay all wages due upon termination of employment, all in violation of the California

19  Labor Code and California's Industrial Welfare Commission Wage Order No. 9 ("IWC Wage

20  Order No. 9").  This misclassification policy has been in effect for at least four years prior to the

21  filing of this action.

22        4.      Plaintiffs bring claims under California law for reimbursement of business expenses

23  and losses, reimbursement of deductions wrongfully taken from wages premium pay for missed

24  meal periods and missed/unpaid rest periods, unpaid minimum wage and liquidated damages,

25  waiting time penalties, restitution, disgorgement, statutory penalties, interest, and attorneys' fees

26  and costs. These are class claims brought on behalf of a class of Truck Drivers employed with

27  Defendants during the period commencing four years prior to the filing of this action.

28  ///

**CLASS ACTION COMPLAINT**

## II.   JURISDICTION

5.   This Court has jurisdiction over the claims for reimbursement of business expenses under Labor Code § 2802.

6.   This Court has jurisdiction over the claims for unlawful deduction from wages under Labor Code §§ 221, 223, 400-410.

7.   This Court has jurisdiction over the claims for failure to provide off-duty meal periods and failure to provide off-duty paid rest periods under Labor Code §§ 226.7, 512, IWC Wage Order No. 9

8.   This Court has jurisdiction over the claims for minimum wage and liquidated damages under Labor Code §§ 1194, 1194.2, 1197.

9.   This Court has jurisdiction over the claims for failure to furnish accurate wage statements under Labor Code §§ 226, 226.3.

10.   This Court has jurisdiction over the claims for waiting time penalties under Labor Code §§ 201-203.

11.   This Court has jurisdiction over the claims for unfair competition under Bus. & Prof. Code § 17200, *et seq.*

12.   This Court has jurisdiction over the claims for restitution and disgorgement of gains arising from Defendants' unlawful business practices, under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17203 and 17204.

## III.   VENUE

13.   Venue as to Defendants is proper in Alameda County, pursuant to Code of Civil Procedure § 395.5. Defendants transact business in Alameda County, including operating a terminal in Oakland, and Defendants are otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have had a direct effect on Plaintiffs and those similarly situated within the State of California and within Alameda County. Defendants have employed numerous Class Members who have performed services in Alameda County, including Plaintiffs, who have incurred unreimbursed business expenses, worked through meal periods, worked through rest periods without compensation, and have performed work without being paid

1  minimum wage while performing services for Defendants and its' customers in Alameda County

2  during the Class Period.  CSX Intermodal and CSX Transportation are foreign corporations, and,

3  based on information and belief, neither has registered a principal place of business with the

4  California Secretary of State, and therefore is subject to venue in any county in California.

5  **IV.   PARTIES**

6  **A.   PLAINTIFFS**

7       14.   Plaintiff Miguel Valadez resides in French Camp, California (San Joaquin County).

8  He was a Truck Driver for CSX from approximately August 2005 to December 2012.  He worked

9  for CSX pursuant to a "Contractor Operating and Lease Agreement" (hereafter "Contract") with

10  CSX Intermodal Terminals, Inc.  From the beginning of his tenure as a CSX Truck Driver until

11  2007 he worked out of CSX's facilities in City of Industry, California.  He then relocated to

12  Northern California, and worked out of CSX's facilities in Lathrop, California, performing services

13  for Defendants throughout Northern California, including in Alameda County and other San

14  Francisco Bay Area locations.

15       15.   Plaintiff Israel Lux Carrillo resides in Tracy, California (San Joaquin County).  He

16  was a Truck Driver for CSX from approximately April 25, 2011 to December 21, 2013.  He

17  worked for CSX pursuant to a Contract with CSX Intermodal Terminals, Inc.  He worked out of

18  CSX's facilities in Lathrop, California, performing services for Defendants throughout Northern

19  California, including in Alameda County and other San Francisco Bay Area locations.

20  **B.   DEFENDANTS**

21       16.   Defendant CSX Intermodal Terminals, Inc. is incorporated under the laws of

22  Delaware.  Defendant CSX Intermodal Terminals, Inc. is, and at all relevant times, has been an

23  employer covered by the California Labor Code and IWC Wage Order No. 9.

24       17.   Defendant CSX Transportation, Inc. is incorporated under the laws of Virginia.

25  Defendant CSX Transportation, Inc. is, and at all relevant times, has been an employer covered by

26  the California Labor Code and IWC Wage Order No. 9.

27       18.   The true names and capacities, whether individual, corporate, associate, or

28  otherwise, of Defendant sued herein as DOES 1 through 10, inclusive, are currently unknown to

1   Plaintiffs, who therefore sue Defendant by such fictitious names. Plaintiffs are informed and

2   believe, and based thereon allege, that each of the Defendants designated herein as a DOE is

3   legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek

4   leave of court to amend this Complaint to reflect the true names and capacities of the Defendants

5   designated hereinafter as DOES when such identities become known. Hereinafter Defendants and

6   the DOE Defendants shall be referred to collectively as "Defendants."

7          19.    Plaintiffs are informed and believe, and on such information and belief allege, that

8   each Defendant acted in all respects pertinent to this action as the agent of the other Defendant,

9   carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of

10  each Defendant is legally attributable to the other Defendant.

11              **V.    FACTUAL BACKGROUND**

12         20.    Defendants CSX Intermodal Terminals, Inc. and CSX Transportation, Inc. are

13  engaged in freight transportation services. CSX Transportation is a wholly-owned subsidiary of

14  CSX Corporation and serves as its principal operating company. According to its website, CSX

15  Corporation, together with its subsidiaries based in Jacksonville, Fla., is one of the nation's leading

16  transportation suppliers.

17         21.    CSX's rail and intermodal businesses provide rail-based transportation services

18  including traditional rail service and the transport of intermodal containers and trailers. CSX's

19  website states that CSX Transportation provides an important link to the transportation supply

20  chain through its approximately 21,000 route-mile rail network, and also serves thousands of

21  production and distribution facilities through connections to more than 240 short line and regional

22  railroads. The website further explains that Defendant CSX Intermodal Terminals, Inc. provides

23  and arranges for the intermodal terminal services and trucking services for CSX Transportation's

24  intermodal business. Containers and trailers are loaded and unloaded from trains, and trucks

25  provide the link between intermodal terminals and the customer. This drayage service has been

26  performed by Plaintiffs and other Truck Drivers, who have driven their own truck tractors to pull

27  the customers' containerized freight in CSX's trailers.

28  ///

-4-

22.     According to CSX Corporation's website, Defendant CSX Intermodal Terminals, Inc. provides such drayage services from four terminals located in California—Oakland, Lathrop, Los Angeles, and the City of Industry.

23.     During the Class Period, Defendants have employed scores of Truck Drivers based out of its terminal locations in California. The Plaintiffs' and Class Members' work has been integral to Defendants' business, as they transport containerized freight for Defendants' customers to destinations designated by Defendants and its customers.

24.     Defendants have suffered and permitted Plaintiffs and the Class Members to perform drayage work for its customers.

25.     Plaintiffs and other Truck Drivers have entered into the same or similar Contracts with Defendant CSX Intermodal Terminals, Inc. The Contracts were contracts of adhesion, presented as a form agreement by Defendant CSX Intermodal and/or its subsidiaries. The Contracts are for use, i.e., "lease," of a certain truck, owned or leased by the Truck Driver, and for the services of a driver. The Contracts typically have a 30-day term, with an automatic renewal for successive 30-day terms absent proper and sufficient notice.

26.     The Contracts give CSX the right to exercise all necessary control over the Truck Drivers' wages, hours, and working conditions, including the manner in which and means for assigning and performing the transportation work. Such control includes the contractual right for CSX Intermodal Terminals to assume complete responsibility for the operation of the trucks for the duration of the leases. The Contracts also dictate or otherwise permit Defendants to control other major aspects of its economic relationships with the Truck Drivers and with CSX's customers.

27.     At all relevant times, Defendants have retained extensive control over the day-to-day work performed by the Truck Drivers. Each day, Defendants assign CSX trailers to the Truck Drivers to be pulled to locations designated by CSX. The Truck Drivers are typically told when the trailer needs to arrive at the designated location and are often told when to pick up the trailer. The progress of their work is monitored by dispatchers and other CSX managerial employees, using Global Position Systems ("GPS") devices that Defendants required to be installed on the

-5-
**CLASS ACTION COMPLAINT**

1   trucks and dedicated smartphones that the Truck Drivers must purchase and load with a CSX

2   Intermodal dispatch application.

3       28.   Defendants set up its dispatch smartphone application as a means to assign work to

4   the Truck Drivers and to send instant messages throughout the work day, including details about

5   how the work is to be performed. The Truck Drivers must use the same dispatch application to

6   document, among other things, their acceptance of the work, arrival and departure times from

7   terminals and consignee sites, begin movement times, status updates, and details about equipment,

8   freight, and "accessorials." The Truck Drivers must also use the telephone application to scan

9   required shipping-related documents, including bills of lading and consignee signatures for receipt.

10   The application also records completed assignments and related information for purposes of

11   processing payments for the Truck Drivers.

12      29.   While the Contract states that Drivers have discretion to refuse assignments,

13   Plaintiff and other Truck Drivers who have tried to exercise that right have not received alternate

14   assignments for that day and often, after rejecting an assignment, are not offered new assignments

15   for two or more work days.

16      30.   The Contracts require the Truck Drivers to abide by CSX Intermodal's "safety

17   rules" and any policies' of Defendants' customers.

18      31.   Defendants also control and limit the compensation paid to Truck Drivers.

19   Plaintiffs' remuneration depends on their ability to drive their truck tractors while pulling CSX's

20   trailers. The compensation levels are set forth in a rate sheet, which is standard across all Truck

21   Drivers and not subject to negotiation. Defendants pay the Truck Drivers based upon the mileage

22   from the terminals to the drop off destinations.  Payments are issued weekly.

23      32.   The Contracts provide that payments to the Truck Drivers are subject to charge

24   backs, which include payments into an escrow account maintained by Defendants and for any

25   cargo or equipment loss or damages for which Defendants have sole discretion to hold the Truck

26   Drivers liable.

27      33.   The Contracts provides that the relationship between the Truck Drivers and CSX

28   Intermodal is terminable at will on 15 days written notice.  However, in fact Defendants retain the

**CLASS ACTION COMPLAINT**

1   right to terminate at will without any notice, as they have the power to immediately cease assigning

2   work to a Truck Driver and they have exercised that power.

3        34.   At all relevant times, Defendants have controlled all aspects of customer relations,

4   including setting the price for the services, agreeing to and processing customer transportation

5   orders, scheduling the transportation, and handling customer complaints.

6        35.   The Contracts also require the Truck Drivers to carry certain types of insurance and

7   specifies the levels of coverage and who is to be covered.

8        36.   Defendants' uniform classification and treatment of Plaintiffs and similarly situated

9   Truck Drivers as "independent contractors" rather than as "employees" is and during all relevant

10   times has been unlawful.

11        37.   As a result of Defendants misclassifying Plaintiffs and similarly situated Truck

12   Drivers as "independent contractors," Defendants have willfully and knowingly failed to reimburse

13   the Truck Drivers for employment-related expenses, including mileage incurred driving their own

14   trucks in service to Defendants and their customers; the costs of purchasing and/or leasing vehicles

15   and all operation costs associated with the vehicles, including fuel, maintenance, and repair; the

16   costs of various forms and amounts of insurance required by Defendants; purchase of a dedicated

17   smart-phone and related service; and cargo and equipment loss and damages determined by

18   Defendants.

19        38.   As a result of Defendants misclassifying Plaintiffs and similarly situated Truck

20   Drivers as "independent contractors," Defendants have made unlawful deductions from the wages

21   of Plaintiffs and similarly situated Truck Drivers for items such as cargo and equipment loss and

22   damage and escrow accounts.

23        39.   As a result of Defendants misclassifying Plaintiffs and similarly situated Truck

24   Drivers as "independent contractors," Defendants have regularly failed to provide a 30 minute off-

25   duty meal period to Plaintiffs and similarly situated Truck Drivers who worked more than five

26   hours in a day.  Defendants have also regularly failed to provide a second 30 minute meal period to

27   Plaintiffs and similarly situated Truck Drivers who worked more than 10 hours in a day.

28

40. As a result of Defendants misclassifying Plaintiffs and similarly situated Truck Drivers as "independent contractors," Defendants have regularly failed to authorize and permit 10-minute off-duty, paid, rest periods to Plaintiffs and similarly situated Truck Drivers for every four hours worked or major fraction thereof.

41. As a result of Defendants misclassifying Plaintiffs and similarly situated Truck Drivers as "independent contractors," Defendants have failed to pay minimum wage compensation to Plaintiffs and similarly situated Truck Drivers for all hours worked.

42. As a result of Defendants misclassifying Plaintiffs and similarly situated Truck Drivers as "independent contractors," Defendants have failed to itemize the total hours worked on wage statements furnished to Plaintiffs and similarly situated Truck Drivers.

43. As a result of Defendants misclassifying their Truck Drivers as "independent contractors," Defendants have willfully and knowingly failed to pay Plaintiffs, and similarly situated Truck Drivers, upon termination of employment, all accrued compensation, including payment of minimum wage, missed meal and rest period compensation, and repayment of all unlawful deductions from wages.

## VI.   CLASS ACTION ALLEGATIONS.

44. Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382.  The Class that Plaintiffs seek to represent is composed of and defined as:

> All persons (referred to as "Truck Drivers" or "Class Members") who are or have operated as Truck Drivers for Defendants in the State of California while identified as the "Contractor" in an operative "Contractor Operating and Lease Agreement" and/or similar agreement that identifies CSX Intermodal Terminals, Inc. as a party or "Carrier" in such an agreement, during the period from September 24, 2011 through the date of the Court's granting of class certification in this matter.

45. Plaintiffs also seek to represent a Subclass on the "Waiting Time" Penalty Cause of Action, Labor Code §§ 201-203, defined as:

> All persons (referred to as "Subclass Members") who are or have operated as Truck Drivers for Defendants in the State of California while identified as the "Contractor" in an operative "Contractor Operating and Lease Agreement" and/or similar agreement that identifies CSX Intermodal Terminals, Inc. as a party or "Carrier" in such an agreement, and who have had their Contract terminated,

1    voluntarily or by Defendants, during the period from September 24, 2011 through
2    the date of the Court's granting of class certification in this matter.

3       46.    This action has been brought and may properly be maintained as a class action
4    under Code of Civil Procedure § 382 because there is a well-defined community of interest in the
5    litigation, the proposed class is easily ascertainable, and Plaintiffs are proper representatives of the
6    Class:

7            a.    Ascertainability and Numerosity: The potential Class Members, as defined
8    herein, are so numerous that joinder would be impracticable. Plaintiffs are informed and believe
9    and on such information and belief allege that Defendants have employed scores of Class Members
10   in California during the Class Period. The names and addresses of the Class Members are
11   available to the Defendants. Notice can be provided to the Class Members via first class mail using
12   techniques and a form of notice similar to those customarily used in class action lawsuits of this
13   nature.

14           b.    Commonality and Predominance of Common Questions: There are
15   questions of law and fact common to Plaintiffs and the Class Members that predominate over any
16   questions affecting only individual members of the Class. These common questions of law and
17   fact include, without limitation:

18               i.    Whether the Class Members have served Defendants as employees
19   rather than independent contractors under California law;

20               ii.    Whether Class Members have necessarily incurred employment-
21   related expenses and losses in carrying out their duties for Defendants;

22               iii.    Whether Defendants have failed to indemnify Class Members for
23   their necessary employment-related expenses and losses in violation of Labor Code § 2802;

24               iv.    Whether Defendants' failure to indemnify Class Members for their
25   necessary employment-related expenses and losses constitutes an unlawful, unfair, and/or
26   fraudulent business practice under Business & Professions Code §17200, *et seq.*;

27               v.    Whether Defendants have made deductions from the compensation
28   paid to Class Members in violation of California law;

-9-

vi.     Whether Defendants' deductions from Class Members' compensation constitute an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code § 17200, *et seq.*;

vii.    Whether Defendants have failed to provide Class Members with adequate off-duty meal periods and compensation for missed meal periods in violation of Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9, § 11;

viii.   Whether Defendants' failure to provide Class Members with adequate off-duty meal periods and meal period compensation constitutes an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code § 17200, *et seq.*;

ix.     Whether Defendants have failed to authorize and permit Class Members with adequate off-duty, paid, rest periods and compensation for missed rest periods in violation of Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9, §12;

x.      Whether Defendants' failure to authorize and permit Class Members with adequate off-duty, paid, rest periods and rest period compensation constitutes an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code § 17200, *et seq.*;

xi.     Whether Defendants have violated IWC Wage Order No. 9, § 4, the Minimum Wage Order, and Labor Code §§ 1194, et seq. by their failure to pay Class Members minimum wage for all hours worked;

xii.    Whether Defendants' failure to pay Class Members minimum wage for all hours worked constitutes an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code § 17200, et seq.;

xiii.   Whether Defendants have knowingly and intentionally failed to provide Class Members with an itemized statement showing total hours worked with each payment of wages, as required by Labor Code § 226 and IWC Wage Order No. 9, § 7;

xiv.    Whether Defendants' failure to provide an itemized statement showing total hours worked with each payment of wages constitutes an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code § 17200, *et seq.*;

///

1    xv.    Whether Defendants have violated Labor Code §§ 201-203 by

2 failing, upon termination, to timely pay Subclass Members wages that were due for minimum

3 wage, missed meal and rest periods, and/or wrongful deductions from wages; and

4    xvi.    The proper formula for calculating restitution, damages, and waiting

5 time and other statutory penalties owed to Plaintiffs and the Class and Subclass alleged herein.

6    c.    Typicality:  Plaintiffs' claims are typical of the claims of the Class.

7 Defendants' common course of unlawful conduct has caused Plaintiffs and similarly situated Class

8 Members to sustain the same or similar injuries and damages caused by the same practices of

9 Defendants.  Plaintiff's claims are thereby representative of and co-extensive with the claims of the

10 Class and Subclass.

11    d.    Adequacy of Representation:  Plaintiffs are a member of the Class and

12 Subclass.  Plaintiffs does not have any conflicts of interest with other Class Members, and will

13 prosecute the case vigorously on behalf of the Class.  Plaintiffs will fairly and adequately represent

14 and protect the interests of the Class Members.  Plaintiffs' counsel are competent and experienced

15 in litigating large employment class actions, including large wage and hour class actions.

16    e.    Superiority of Class Action:  A class action is superior to other available

17 means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class

18 Members is not practicable, and questions of law and fact common to the Class predominate over

19 any questions affecting only individual members of the Class.  Each Class Member has been

20 damaged or may be damaged in the future by reason of Defendants' unlawful policies of

21 misclassifying the Truck Drivers as "independent contractors."  Certification of this case as a class

22 action will allow those similarly situated persons to litigate their claims in the manner that is most

23 efficient and economical for the parties and the judicial system.  Certifying this case as a class

24 action is superior because Plaintiffs and the Class seek restitution and disgorgement that will affect

25 all Class Members in a common way, and will also allow for efficient and full disgorgement of the

26 ill-gotten gains Defendants have enjoyed by failing to reimburse reasonably incurred business

27 expenses; failing to provide off-duty meal periods and/or paying the premium pay for missed meal

28 periods; failing to permit and authorize paid, off-duty rest periods and/or paying the premium pay

**CLASS ACTION COMPLAINT**

1  for missed rest periods; and coercing purchases from the company and/or its affiliates; and by

2  failing to pay minimum wage for all hours worked;. Class treatment will thereby effectuate

3  California's strong public policy of protecting employees from deprivation or offsetting of

4  compensation earned in their employment.  If this action is not certified as a Class Action, it will be

5  impossible as a practical matter for many or most Class Members to bring individual actions to

6  recover monies unlawfully withheld from their lawful.

### VII.  DAMAGES

47.    As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiffs and
similarly situated Truck Drivers are owed un-reimbursed business expenses plus interest,
repayment of unlawfully deducted wages plus interest, minimum wage plus interest and liquidated
damages, premium pay for missed meal periods plus interest, premium pay for missed rest periods
plus interest, waiting time penalties under Labor Code § 203, and other statutory penalties, the
precise amount of which will be proven at trial.

### VIII.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### REIMBURSEMENT OF BUSINESS EXPENSES
### (LABOR CODE § 2802)

48.    The allegations of each of the preceding paragraphs are realleged and incorporated
herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and
the above-described Class of similarly situated Truck Drivers that have driven for Defendants in
California.

49.    While acting on the direct instruction of Defendants and discharging their duties for
them, Plaintiffs and similarly situated Class Members have incurred work-related expenses.  Such
expenses include but are not limited to the purchase and/or lease of vehicles; fuel, maintenance,
and other vehicle operating costs; various forms of insurance; cellular telephone and applications
required for receiving dispatch assignments and tracking progress; escrow funds; and for cargo and
equipment losses and damages.  Plaintiffs and Class Members incurred these substantial expenses
and losses as a direct result of performing their job duties for Defendants.

50.     Defendants have failed to indemnify or in any manner reimburse Plaintiffs and similarly situated Class Members for these expenditures and losses.  By requiring those employees to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendants and/or in obedience of Defendants' direction, Defendants have violated and continue to violate Labor Code § 2802.

51.     By unlawfully deducting wages and failing to reimburse Plaintiffs and other similarly situated Class Members, Defendants is also liable for reasonable attorneys' fees and costs under Labor Code § 2802(c).

52.     As a direct and proximate result of Defendants' conduct, Plaintiffs and similarly situated Truck Drivers have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action.

53.     Plaintiffs, on behalf of themselves and similarly situated Truck Drivers, request relief as described below.

## SECOND CAUSE OF ACTION
### UNLAWFUL DEDUCTIONS FROM WAGES
### (LABOR CODE § 221 AND IWC WAGE ORDER NO. 9)

54.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and the above-described Class of similarly situated Truck Drivers that have driven for Defendants in California.

55.     Labor Code § 221 provides:  "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

56.     IWC Wage Order No. 9, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to payment shortage, breakage or business loss is if the employer can show that the shortage, breakage, or business loss was the result of the employee's gross negligence or dishonest or willful act.

57.     These and related statutes, along with California's fundamental public policy protecting wages, prohibit employers from subjecting employees to unanticipated or unpredicted

1  reductions in their wages; making employees the insurers of their employer's business losses;

2  otherwise passing the ordinary business losses of the employer onto the employee; or taking

3  deductions from wages for business losses in any form unless the employer can establish that the

4  loss was caused by a dishonest or willful act, or gross negligence of the employee.

5        58.  Defendants have violated Labor Code § 221 and IWC Wage Order No.9, § 8 by

6  unlawfully taking deductions from Plaintiffs' and Class Members' compensation to cover certain

7  ordinary business expenses of Defendant, including but not limited to, payment for cargo

8  equipment loss and damage and escrow account payments.

9        59.  Because Defendants have made unlawful deductions from Class Members'

10  compensation, they are liable to Plaintiffs and Class Members for the compensation that should

11  have been paid but for the unlawful deductions, pursuant to Labor Code § 221 and IWC Wage

12  Order No. 9, § 8.

13        60.  Plaintiffs, on behalf of themselves and similarly situated Truck Drivers, request

14  relief as described below.

15  **THIRD CAUSE OF ACTION**
16  **FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS**<br>**(LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 9)**
17

18        61.  The allegations of each of the preceding paragraphs are realleged and incorporated

19  herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and

20  the above-described Class of similarly situated Truck Drivers that have driven for Defendants in

21  California.

22        62.  Plaintiffs and similarly situated Truck Drivers have regularly worked in excess of

23  five (5) hours a day without being afforded at least a half-hour meal period in which they were

24  relieved of all duties, as required by Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9, §

25  11(A).

26        63.  Because Defendants failed to afford proper meal periods, they are liable to Plaintiffs

27  and similarly situated Truck Drivers for one hour of additional pay at the regular rate of

28

-14-
**CLASS ACTION COMPLAINT**

1  compensation for each workday that the proper meal periods were not provided, pursuant to Labor

2  Code § 226.7(b) and IWC Wage Order No. 9 § 11(B).

3      64.   Plaintiffs, on behalf of themselves and similarly situated Truck Drivers, request

4  relief as described below.

5  **FOURTH CAUSE OF ACTION**
6  **FAILURE TO PROVIDE OFF-DUTY PAID REST PERIODS**
   **(LABOR CODE §§ 226.7, IWC WAGE ORDER NO. 9)**
7

8      65.   The allegations of each of the preceding paragraphs are realleged and incorporated

9  herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and

10  the above-described Class of similarly situated Truck Drivers that have driven for Defendants in

11  California.

12      66.   Plaintiffs and similarly situated Truck Drivers have regularly worked in excess of

13  three and a half hours a day without being afforded at least a paid 10-minute rest period in which

14  they were relieved of all duties, as required by Labor Code §§ 226.7, and IWC Wage Order No. 9,

15  § 12(A).

16      67.   Because Defendants failed to afford proper paid rest periods, they are liable to

17  Plaintiffs and similarly situated Truck Drivers for one hour of additional pay at the regular rate of

18  compensation for each workday that the proper rest periods were not provided, pursuant to Labor

19  Code § 226.7(b) and IWC Wage Order No. 9, § 12(B).

20      68.   Plaintiffs, on behalf of themselves and similarly situated Truck Drivers, request

21  relief as described below.

22  **FIFTH CAUSE OF ACTION**
   **MINIMUM WAGE**
23  **(LABOR CODE §§ 1182.11, 1194, *ET SEQ.*, IWC WAGE ORDER NO. 9,**
   **MINIMUM WAGE ORDER)**
24

25      69.   The allegations of each of the preceding paragraphs are realleged and incorporated

26  herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and

27  the above-described Class of similarly situated Truck Drivers that have driven for Defendants in

28  California.

**CLASS ACTION COMPLAINT**

70.    At all times relevant to this complaint, Labor Code §§ 1182.11, 1182.12 and 1197, IWC Wage Order No. 9, and the Minimum Wage Order were in full force and effect and required that Defendants' California nonexempt employees receive the minimum wage for all hours worked irrespective of whether nominally paid on an hourly, piece rate, or any other basis, at the rate $8.00 per hour commencing January 1, 2008, and $9.00 per hour commencing July 1, 2014.

71.    At various times throughout the relevant statutory period, Defendants have required Plaintiffs and Class Members to wait for job assignments and/or to be released from a job location without paying them any compensation, resulting in Defendants failing to pay minimum wages for all hours worked, as required by law.

72.    As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiffs and Class Members have been deprived of minimum wages due in amounts to be determined at trial, and to additional amounts as liquidated damages, pursuant to Labor Code §§ 1194 and 1194.2.

73.    By violating Labor Code §§ 1182.11, 1182.12 and 1197, IWC Wage Order No. 9, § 4, and the Minimum Wage Order, Defendants are also liable for reasonable attorneys' fees and costs under Labor Code § 1194.

74.    Plaintiffs, on behalf of themselves and similarly situated Truck Drivers, request relief as described below.

## SIXTH CAUSE OF ACTION
### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### (LABOR CODE §§ 226 & 226.3)

75.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and the above-described Class of similarly situated Truck Drivers that have driven for Defendants in California.

76.    Labor Code § 226(a) requires employers semi-monthly or at the time of each payment of wages to furnish each California employee with a statement itemizing, among other things, the total hours worked by the employee.  Labor Code § 226(b) provides that if an employer

1   knowingly and intentionally fails to provide a statement itemizing, among other things, the total

2   hours worked by the employee, then the employee is entitled to recover the greater of all actual

3   damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each

4   subsequent violation, up to four thousand dollars ($4,000).

5       77.    Defendants knowingly and intentionally failed to furnish Plaintiffs and similarly

6   situated Truck Drivers with timely, itemized statements showing the total hours worked, as

7   required by Labor Code § 226(a).  As a result, Defendants are liable to Plaintiffs and similarly

8   situated Truck Drivers for the amounts provided by Labor Code § 226(b).

9       78.    Plaintiffs, on behalf of themselves and similarly situated Truck Drivers, request

10  relief as described below.

11                          **SEVENTH CAUSE OF ACTION**
12                          **WAITING TIME PENALTIES**
                            **(LABOR CODE §§ 201, 202 & 203)**
13

14      79.    The allegations of each of the preceding paragraphs are realleged and incorporated

15  herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and

16  the above-described Subclass of similarly situated Truck Drivers that have driven for Defendants in

17  California and have had their Contract terminated.

18      96.    Labor Code § 201 requires an employer who discharges a California employee to

19  pay all compensation due and owing to that employee immediately upon discharge.

20      97.    Labor Code § 202 requires an employer to pay all compensation due and owing to a

21  California employee who quits within 72 hours of that employee quitting, unless the employee

22  provides at least 72 hours-notice of quitting, in which case all compensation is due at the end of the

23  employee's final day of work.

24      98.    Labor Code § 203 provides that if an employer willfully fails to pay compensation

25  promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting

26  time penalties in the form of continued compensation of up to 30 work days.

27      99.    Defendants willfully failed and refused to timely pay compensation and wages,

28  including unpaid minimum wage pay, unpaid premium pay for missed meal periods, unpaid

**CLASS ACTION COMPLAINT**

1    premium pay for missed and/or unpaid rest periods, and sums wrongfully deducted from

2    compensation, to Plaintiffs and similarly situated Truck Drivers whose Contracts have been

3    terminated.  As a result, Defendants are liable to Plaintiffs and similarly situated Truck Drivers for

4    waiting time penalties, together with interest thereon and reasonable attorneys' fees and costs,

5    under Labor Code §§ 203 and 256.

6        100.    Plaintiffs, on behalf of themselves and similarly situated Truck Drivers, request

7    relief as described below.

8                              **EIGHTH CAUSE OF ACTION**
9               **VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**
                   **(BUSINESS & PROFESSIONS CODE §§ 17200-09)**
10

11       101.    The allegations of each of the preceding paragraphs are realleged and incorporated

12   herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and

13   the above-described Class of similarly situated Truck Drivers and in a representative capacity

14   under Business & Professions Code § 17204.

15       102.    Business & Professions Code § 17200 prohibits unfair competition in the form of

16   any unlawful, unfair, or fraudulent business act or practice.

17       103.    Business & Professions Code § 17204 allows "any person acting for the interests of

18   itself, its members or the general public" to prosecute a civil action for violation of the UCL.

19       104.    Beginning at an exact date unknown to Plaintiffs, but at least four years prior to the

20   filing of this action, Defendants have improperly, fraudulently, and unlawfully classified its Truck

21   Drivers as "independent contractors" and have thereby committed unlawful, unfair, and/or

22   fraudulent business acts and practices as defined by Business & Professions Code § 17200, by

23   engaging in the following:

24           a.    failing to reimburse Plaintiffs and similarly situated Truck Drivers for

25   employment-related business expenses and losses;

26           b.    improperly and unlawfully making deductions from Class Members

27   compensation because of payment shortages, breakage, and other work-related expenses and losses

28   not attributable to the Truck Drivers' dishonest or willful act, or to the gross negligence of

                                          -18-
                              **CLASS ACTION COMPLAINT**

1   Plaintiffs and similarly situated Truck Drivers, as described above;

2           c.     failing to provide adequate meal periods to Plaintiffs and similarly situated

3   Truck Drivers and failing to pay them premium pay for missed meal periods;

4           d.     failing to permit and authorize adequate and paid rest periods to Plaintiffs

5   and similarly situated Truck Drivers and failing to pay them premium pay for missed/unpaid rest

6   periods;

7           e.     failing to pay minimum wage compensation to Plaintiffs and similarly

8   situated Truck Drivers; and

9           f.     failing to provide accurate itemized wage statements to Plaintiffs and

10  similarly situated Truck Drivers.

11       105.    The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate

12  acts and practices for purposes of Business & Professions Code § 17200.

13       106.    As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent

14  acts and practices described herein, Defendants have received and continue to hold ill-gotten gains

15  belonging to Plaintiffs and Truck Drivers.  As a direct and proximate result of Defendants'

16  unlawful business practices, Plaintiffs and Truck Drivers have suffered economic injuries

17  including, but not limited to out-of-pocket business expenses, unlawful deductions from

18  compensation, compensation for missed meal and rest periods, loss of minimum wages, and

19  waiting time penalties.  Defendants have profited from its unlawful, unfair, and/or fraudulent acts

20  and practices in the amount of those business expenses, improper deductions from compensation,

21  unpaid compensation for missed meal and rest periods, unpaid minimum wage, waiting time

22  penalties, and interest accrued by Plaintiffs and similarly situated Truck Drivers.

23       107.    Plaintiffs and similarly situated Truck Drivers are entitled to restitution pursuant to

24  Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, unlawful

25  deductions from compensation, missed meal and rest period compensation, waiting time penalties,

26  and interest since four years prior to the filing of this action.

27       108.    Plaintiffs and similarly situated Truck Drivers are entitled to enforce all applicable

28  penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

CLASS ACTION COMPLAINT

109.    Plaintiffs' success in this action will enforce important rights affecting the public interest.  In this regard, Plaintiffs sue on behalf of the public as well as on behalf of themselves and others similarly situated.  Plaintiffs seek and are entitled to reimbursement of business expenses, the unpaid compensation, declaratory relief, civil penalties, and any other appropriate remedy.

110.    In order to prevent Defendants from profiting and benefiting from their wrongful and illegal acts and continuing those acts, an order requiring Defendants to disgorge all the profits and gains they have reaped and restore such profits and gains to Truck Drivers, from whom they were unlawfully taken.

112.    Plaintiffs have assumed the responsibility of enforcement of the laws and lawful claims specified herein.  There is a financial burden incurred in pursuing this action which is in the public interest.  Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

113.    By all of the foregoing alleged conduct, Defendants have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200, *et seq.*

114.    As a direct and proximate result of the unfair business practices described above, Plaintiffs, other Truck Drivers, and members of the general public have all suffered significant losses and Defendants have been unjustly enriched.

115.    Pursuant to Business & Prof. Code §17203, Plaintiffs, other Truck Drivers, and member of the general public are entitled to:  (a) restitution of money acquired by Defendants by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; and (b) a declaration that Defendants' business practices are unfair within the meaning of the statute.

116.    Plaintiffs, on behalf of themselves and similarly situated Truck Drivers, request relief as described below.

## IX.    REQUEST FOR JURY TRIAL

117.    Plaintiffs request a trial by jury on behalf of themselves and the above described Class and Subclasses of similarly situated Truck Drivers.

CLASS ACTION COMPLAINT

## X.    PRAYER FOR RELIEF

118.    WHEREFORE, Plaintiffs on behalf of themselves and the above-described Class and Subclasses of similarly situated Truck Drivers, request relief as follows:

A.    That the Court determine that this action may be maintained as a class action under Code of Civil Procedure § 382, and define the Class and Subclasses as requested herein;

B.    Provision of class notice to all members of the class;

C.    A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law:

1.    Labor Code § 2802 by failing to indemnify Plaintiffs and Class Members for all necessary business expenses and losses;

2.    Labor Code § 221 and IWC Wage Order No. 9  by making unlawful deductions from the compensation paid to Plaintiffs and Class Members for ordinary business expenses and losses without a showing that the expenses and/or losses were due to the Truck Drivers' dishonest or willful act, or to the gross negligence of the Truck Drivers;

3.    Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9 by failing to provide off-duty meal periods to Plaintiffs and Class Members;

4.    Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9 by failing to permit and authorize paid, off-duty rest periods to Plaintiffs and Class Members;

5.    Labor Code § 1194, *et seq.*, IWC Wage Order No. 9, and the Minimum Wage Order by failing to pay minimum wage to Truck Drivers;

6.    Labor Code § 226 by failing to provide Truck Drivers with itemized statements of total hours worked with each payment of wages;

7.    Labor Code §§ 201-203, for willfully failing to pay minimum wage, overtime, and missed meal and rest period compensation, failing to reimburse for business expenses and losses, and failing to repay unlawfully deducted wages at the time of termination of employment, resulting in unpaid waiting time penalties; and

8.    Business & Professions Code §§ 17200-17208, by failing to reimburse Truck Drivers for necessary business expenses, by making wrongful deductions from wages, by

-21-

CLASS ACTION COMPLAINT

1  failing to provide off-duty meal periods and/or pay missed meal period compensation to Truck

2  Drivers, by failing to permit and authorize paid, off-duty, paid rest periods and/or pay missed rest

3  period compensation to Truck Drivers, by failing to pay its Truck Drivers minimum wage under

4  California law and by failing to provide Truck Drivers with itemized wage statements showing all

5  hours worked;

6     D.     A declaratory judgment that Defendants' violations as described above were willful;

7     E.     An equitable accounting to identify, locate, and restore to all current and former

8  Truck Drivers the wages and unreimbursed expenses that are due;

9     F.     An award to Plaintiffs and the Class Members of damages in the amount of unpaid

10  minimum wage and overtime compensation, necessary business expenses, missed meal and rest

11  period compensation, and amounts unlawfully deducted from wages, including interest thereon,

12  subject to proof at trial;

13     G.     An award to Plaintiffs and the Class Members of statutory penalties because of

14  Defendants' failure to provide Plaintiffs and the Class Members with itemized wage statements

15  that comply with the requirements of Labor Code § 226, subject to proof at trial;

16     H.     An award to Plaintiffs and the Class Members of liquidated damages because of

17  Defendants' failure to pay Plaintiffs and the Class Members minimum wage;

18     I.     An award of payments due to them as waiting time penalties as to Plaintiffs and the

19  Subclass Members, pursuant to Labor Code § 203;

20     J.     An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs

21  and similarly situated Truck Drivers for Defendants' failure to pay legally required meal and rest

22  period pay, minimum wage, and interest thereon and Defendants' failure to repay out-of-pocket

23  business expenses incurred and business expenses unlawfully deducted, and interest thereon, in an

24  amount according to proof, pursuant to Business & Professions Code § 17203.

25     L.     An award to Plaintiffs and the Class Members of reasonable attorneys' fees and

26  costs, pursuant to Labor Code §§ 218.5, 226, 1194, and 2802, and/or other applicable law; and

27  ///

28  ///

CLASS ACTION COMPLAINT

1    M.    An award to Plaintiffs and the Class Members of such other and further relief as this

2    Court deems just and proper.

3

4    DATED:  September 30, 2015                    LEONARD CARDER, LLP

5

6                                                  By:  _____

7                                                       AARON KAUFMANN
                                                        DAVID POGREL
8                                                       GISELLE OLMEDO

9                                                  *Attorneys for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-23-
**CLASS ACTION COMPLAINT**

2



# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*
FILED
ALAMEDA COUNTY

2015 SEP 30  PM 4: 13

CLERK OF THE SUPERIOR
BY
DEPUTY



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CSX INTERMODAL TERMINALS, INC., CSX TRANSPORTATION,
INC., and DOES 1 to 10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MIGUEL VALADEZ, ISRAEL LUX CARRILLO, on behalf of
themselves and all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):*  RG15787834 |
|---|---|

Alameda County Superior Court
1225 Fallon Street, Room 109, Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aaron Kaufman, Leonard Carder, LLP, 1330 Broadway, Suite 1450, Oakland, CA 94612 (510) 272-0169

| DATE: SEP 3 0 2015<br>*(Fecha)* | Clerk, by<br>*(Secretario)* Leah T. Wilson | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

ORIGINAL

3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Aaron Kaufmann, State Bar No. 148580, David Pogrel, State Bar No. 203787,
Giselle Olmedo, State Bar No. 294750
LEONARD CARDER, LLP
1330 Broadway, Suite 1450, Oakland, CA 94612
TELEPHONE NO.: (510) 272-0169      FAX NO.: (510) 272-0174
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street, Room 109
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:
Miguel Valadez, Israel Lux Carrillo v. CSX Intermodal Terminals, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG15787834 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 30, 2015
Aaron Kaufmann
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

4

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Aaron Kaufmann, 148580<br>Leonard Carder, LLP<br>1188 Franklin Street Suite 201<br>San Francisco, CA 94109<br>TELEPHONE NO.: (510) 272-0169<br>ATTORNEY FOR (Name): Plaintiff | **FILED BY FAX**[310]<br>**ALAMEDA COUNTY**<br>November 09, 2015<br>CLERK OF<br>THE SUPERIOR COURT<br>By Alicia Espinoza, Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | CASE NUMBER:<br>**RG15787834** |
| PLAINTIFF/PETITIONER: Valadez, et al.<br>DEFENDANT/RESPONDENT: CSX Intermodal Terminals, Inc., et al. | CASE NUMBER:<br>RG15787834 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>693-1 |

**By Fax**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of:  Summons; Complaint; Civil Case Cover Sheet; Notice of Hearing

3. a. Party served: CSX Transportation, Inc.

   b. Person Served: Corporate Creations Network - Deandra Alvear - Person authorized to accept service of process

4. Address where the party was served: 1430 Truxtun Ave, 5th FL
   Bakersfield, CA 93301

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 10/30/2015        (2) at (time): 3:45 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   CSX Transportation, Inc.

   under:    CCP 416.10 (corporation)

7. Person who served papers
   a. Name:      Chad G. Barger
   b. Address:   One Legal - 194-Marin
                 504 Redwood Blvd #223
                 Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 145.90
   e I am:
       (3) registered California process server.
           (i)  Employee or independent contractor.
           (ii) Registration No.: 460
           (iii) County: KERN

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 11/3/2015

Chad G. Barger
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**                Code of Civil Procedure, § 417.10

OL# B6D4519

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Aaron Kaufmann, State Bar No. 148580, David Pogrel, State Bar No. 203787, Giselle Olmedo, State Bar No. 294750 LEONARD CARDER, LLP 1330 Broadway, Suite 1450, Oakland, CA 94612 TELEPHONE NO.: (510) 272-0169    FAX NO. *(Optional):* (510) 272-0174 E-MAIL ADDRESS *(Optional):* akaufmann@leonardcarder.com,dpogrel@leonardcarder.com ATTORNEY FOR *(Name):* Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street, Room 109
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: René C. Davidson Courthouse

| PLAINTIFF/PETITIONER: Miguel Valadez, Israel Lux Carrillo | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CSX Intermodal Terminals, Inc., et al. | RG15787834 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 693-1 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of Complex Determination Hearing and CMC Hearing

3. a. Party served *(specify name of party as shown on documents served):*
      CSX Transportation, Inc.

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Corporate Creations Network Inc.(Service Agent authorized under CCP 416.10 (corporation))

4. Address where the party was served:
   1430 Truxtun Ave, 5th FL, Bakersfield, CA 93301
5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER:  Miguel Valadez, Israel Lux Carrillo | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  CSX Intermodal Terminals, Inc., et al. | RG15787834 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in Item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*         (2)  from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*  CSX Transportation, Inc.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a.  Name:
  b.  Address:
  c.  Telephone number:
  d.  **The fee for service was:  $**
  e.  I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii)  Registration No.:
      (iii)  County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    *or*

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:

▶

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Aaron Kaufmann, 148580<br>Leonard Carder, LLP<br>1188 Franklin Street Suite 201<br>San Francisco, CA 94109<br>TELEPHONE NO.: (510) 272-0169<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED BY FAX**[010]<br>ALAMEDA COUNTY<br>November 09, 2015<br>CLERK OF<br>THE SUPERIOR COURT<br>By Alicia Espinoza, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | CASE NUMBER:<br>**RG15787834** |
| PLAINTIFF/PETITIONER: Valadez, et al.<br><br>DEFENDANT/RESPONDENT: CSX Intermodal Terminals, Inc., et al. | CASE NUMBER:<br>RG15787834 |
| **PROOF OF SERVICE OF SUMMONS** | Rel. No. or File No.:<br>893-1 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of:  Summons; Complaint; Civil Case Cover Sheet; Notice of Hearing

By Fax

3. a. Party served:  CSX Intermodal Terminals, Inc.

   b. Person Served: Corporate Creations Network - Deandra Alvear - Person authorized to accept service of process

4. Address where the party was served:  1430 Truxtun Ave, 5th FL
   Bakersfield., CA 93301

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 10/30/2015          (2) at (time): 3:45 PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:



   CSX Intermodal Terminals, Inc.


   under:       CCP 416.10 (corporation)
7. Person who served papers
   a. Name:       Chad G. Barger
   b. Address:    One Legal - 194-Marin
                  504 Redwood Blvd #223
                  Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 39.95
   e I am:
        (3) registered California process server.
            (i)  Employee or independent contractor.
            (ii) Registration No.: 460
            (iii) County: KERN
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 11/3/2015

Chad G. Barger
(NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**                    Code of Civil Procedure, § 417.10

OL# 8604520

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Aaron Kaufmann, State Bar No. 148580, David Pogrel, State Bar No. 203787, Giselle Olmedo, State Bar No. 294750 | |

LEONARD CARDER, LLP
1330 Broadway, Suite 1450, Oakland, CA 94612
TELEPHONE NO.: (510) 272-0169   FAX NO. *(Optional):* (510) 272-0174
E-MAIL ADDRESS *(Optional):* akaufmann@leonardcarder.com,dpogrel@leonardcarder.com
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street, Room 109
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: René C. Davidson Courthouse

PLAINTIFF/PETITIONER: Miguel Valadez, Israel Lux Carrillo

DEFENDANT/RESPONDENT: CSX Intermodal Terminals, Inc., et al.

| CASE NUMBER: |
|---|
| RG15787834 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|
| | 693-1 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Complex Determination Hearing and CMC Hearing

3. a. Party served *(specify name of party as shown on documents served):*
      CSX Intermodal Terminals, Inc.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Corporate Creations Network Inc.(Service Agent authorized under CCP 416.10 (corporation))

4. Address where the party was served:
   1430 Truxtun Ave, 5th  FL, Bakersfield, CA 93301
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*          (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Miguel Valadez, Israel Lux Carrillo | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CSX Intermodal Terminals, Inc., et al. | RG15787834 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*         (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* CSX Intermodal Terminals, Inc.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name:
  b. Address:
  c. Telephone number:
  d. **The fee** for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:

▶

_____    _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     (SIGNATURE)

5

1  AARON KAUFMANN, SBN 148580
   DAVID POGREL, SBN 203787
2  GISELLE OLMEDO, SBN 294750
   LEONARD CARDER, LLP
3  1330 Broadway, Suite 1450
4  Oakland, CA 94612
   Telephone: (510) 272-0169
5  Facsimile: (510) 272-0174
   Email: akaufmann@leonardcarder.com
6         dpogrel@leonardcarder.com
7         golmedo@leonardcarder.com

8  *Attorneys for Plaintiffs and the putative class*

9

                    E-FAX
            FILED BY FAX
          ALAMEDA COUNTY
         November 02, 2015
              CLERK OF
        THE SUPERIOR COURT
       By Lynn Wiley, Deputy

10        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
                                              CASE NUMBER:
11              FOR THE COUNTY OF ALAMEDA    RG15787834

12

13  MIGUEL VALADEZ, ISRAEL LUX             Case No. RG15787834
    CARRILLO, on behalf of themselves all others
14  similarly situated,                     **CLASS ACTION**

15              Plaintiffs,                  **PLAINTIFFS' STATEMENT RE**
                                             **COMPLEX DETERMINATION HEARING**
16       v.                                  [California Rules of Court 3.400]

17  CSX INTERMODAL TERMINALS, INC., CSX     Date:    November 9, 2015
    TRANSPORTATION, INC., and DOES 1 to 10, Time:    2:30 pm
18  inclusive,                              Dept:    17

19              Defendants.

20

21

22

23

24

25

26

27

28

PLAINTIFFS' STATEMENT RE COMPLEX DETERMINATION HEARING          Case No. RG15787834

1                      **I.    INTRODUCTION**

2         Plaintiffs provide the following statement to assist the Court in assessing whether this wage

3   and hour class action should be designated a "complex case," under California Rules of Court

4   3.400. This matter is "provisionally a complex case," under subsection (c)(6) of Rule 3.400,

5   because it involves class action allegations. The factors set forth in subsection (b) of Rule 3.400

6   also militate in favor of designating this as a "complex case" for further proceedings, as discussed

7   below. This Department's experience in managing wage and hour matters and class actions will

8   assist the parties in efficiently litigating this matter, which is likely to involve complex discovery

9   and law and motion issues, and therefore it should retain this matter as a "complex case."

10                  **II.    CASE FACTUAL BACKGROUND**

11         This is a wage and hour class action filed on behalf of a putative class of current and former

12   container delivery drivers ("Truck Drivers" of "Class Members") who have been unlawfully

13   misclassified as "independent contractors" while working for CSX Intermodal Terminals, Inc. and

14   CSX Transportation, Inc. (collectively hereinafter "CSX" or "Defendants") in California from

15   September 24, 2011 through certification of this litigation as a class action (the "Liability Period.").

16         As a result of the unlawful misclassification, Plaintiffs Miguel Valadez and Israel Lux

17   Carrillo allege that they and the putative class (1) have not been reimbursed for necessary business

18   expenses they paid in violation of Labor Code § 2802; (2) have been subject to wrongful

19   deductions in violation of Labor Code § 221; (3) have not been provided meal periods required by

20   Labor Code § 512 and have not been compensated for such missed meal periods as required by

21   Labor Code § 226.7; (4) have not been provided paid rest periods and have not been compensated

22   for such missed rest periods as required by Labor Code § 226.7; (5) have not been paid minimum

23   wage for all hours worked in violation of Labor Code §§ 1182.11, 1194; (6) have not been

24   furnished with accurate wage statements as required by Labor Code §§ 226 and 226.3; (7) were not

25   paid immediately upon discharge in violation of Labor Code §§ 201 – 203.[1]

26         Plaintiffs intend to file a First Amended Complaint within the next few weeks—after

27   completion of the administrative remedies requirement, which will add a third named plaintiff,

28

---

[1] Violations (2) through (6) are also in violation of IWC wage order No. 9.

PLAINTIFFS' STATEMENT RE COMPLEX DETERMINATION HEARING         Case No. RG15787834

1   Anthony J. Green, Sr., and a claim for penalties under the California Labor Code Private Attorney

2   General Act ("PAGA"), Labor Code §2699. The PAGA claim will be predicated on the alleged

3   Labor Code and wage order violations listed above as well as on additional allegations that they

4   and the similarly situated Truck Drivers have been subjected to coerced purchases in violation of

5   Labor Code § 450, and that the Defendants have failed to maintain accurate payroll records in

6   violation of Labor Code §§ 1174, 1174.5.

7       CSX was served with the Complaint on October 30, 2015 and with the PAGA letter on

8   October 23, 2015. CSX has not yet filed a responsive pleading or made Plaintiffs otherwise aware

9   of its potential defenses in this action. However, Plaintiffs anticipate that they will defend the

10  merits of their independent contractor classification of its Truck Drivers as its justification for

11  maintaining policies and practices that do not comply with California's Labor Code and applicable

12  wage order. They will likely further contend that the case is not appropriate for class treatment

13  because individual questions predominate over common questions.

14              **III.    FACTORS IN FAVOR OF "COMPLEX CASE" DESIGNATION**

15      In deciding whether this matter should be designated as complex, the relevant factors

16  include whether the action is likely to involve:

17      (1) [n]umerous pretrial motions raising difficult or novel legal issues that will be time-
        consuming to resolve; (2) [m]anagement of a large number of witnesses or a substantial
18      amount of documentary evidence; (3) [m]anagement of a large number of separately
        represented parties; (4) [c]oordination with related actions pending in one or more courts in
19      other counties, states, or other countries, or in a federal court; or (5) [s]ubstantial
        postjudgment judicial supervision. Cal. Rules of Court, rule 3.400(b).
20

21      These factors are easily satisfied here. This case is likely to involve numerous pretrial

22  motions – including discovery motions and a motion for class certification – that will raise difficult

23  and/or novel legal issues that will be time consuming to resolve. Cal. Rules of Court, rule

24  3.400(b)(1). Among the legal issues, the court must decide a threshold issue—whether Class

25  Members have served CSX as employees rather than independent contractors. This will involve

26  analyzing Defendants' level of control over the Class Members using a multi-factored common law

27  test. *See Ayala v. Antelope Valley Newspapers, Inc.* (2014) 53 Cal.4th 522; *Alexander v. FedEx

28  Ground Package Sys.* (9th Cir. 2014) 765 F.3d 981. Here, although the nature of the work by the

- 2 -

1   Truck Drivers has made detailed control by management unnecessary, Defendants retain the right

2   to exercise all necessary control over the work of Plaintiffs and class members through their

3   uniform contracts, policies and practices.

4          Once the court decides the employee misclassification question it will move to decide the

5   various other common legal and factual questions across the class, including but not limited to

6   whether the class members have incurred employment-related expenses and losses; whether

7   Defendants have made unlawful deductions from Class Members compensation; whether

8   Defendants have failed to provide Class Members with adequate off-duty meal periods and

9   compensation for missed meal periods; whether Defendants have failed to authorize and permit

10  Class Members with adequate off-duty paid rest periods and compensation for missed rest periods;

11  whether Defendants have failed to pay Class Members minimum wage for all hours worked;

12  whether Defendants have knowingly and intentionally failed to provide Class members with an

13  itemized statement showing total hours worked with each payment of wages; whether the Class

14  Members have been subjected to coerced purchases; whether Defendants have failed to maintain

15  accurate payroll records; and whether any of these actions constituted an unlawful, unfair, and/or

16  fraudulent business practice under Business & Professions Code § 17200.  These questions are

17  numerous and therefore will be time-consuming to resolve.

18         Discovery issues, which may require motion practice depending on the positions taken by

19  CSX, will likely include the scope of appropriate discovery in light of the class allegations and

20  whether CSX is required to disclose the names and contact information of the putative class

21  members prior to class certification.  This Court's experience in overseeing these types of cases

22  and its expertise in resolving this and similar discovery disputes will help efficiently resolve such

23  issues as they arise.

24         Some of these motions, particularly class certification, may require management of a large

25  number of witnesses or a substantial amount of documentary evidence.  *See* Cal. Rules of Court,

26  rule 3.400(b)(2).  Witnesses will include Defendants' persons most knowledgeable in corporate

27  structure, document and record keeping systems, compensation and work tracking policies,

28  practices and procedures; Defendants' supervisors, and possibly competing expert witnesses about

-3-

1    damages, should liability be established.  Documentary evidence will include Plaintiffs' and other

2    Truck Drivers' work tracking and compensation records dating as far back as September 24, 2011

3    and documents Defendants provided to the class regarding expense reimbursements, escrow

4    payments, payments for damages and losses, insurance, meal and rest breaks, and rates of pay.

5    ~~These matters too are within the Court's particular expertise.~~

6    　　　　Additional factors that militate in favor of "complex case" designation include:  If the

7    parties reach a settlement of the claims, this Court's experience with such settlements will provide

8    sufficient protection for absent class members as the Court determines if a proposed settlement is

9    fair and adequate given the many risk factors that are ever present in such cases, and what notice

10   and approval procedures are required before the Court can consider final approval of any such

11   settlement.  Assuming this case results in distribution of a class fund, there may be need for

12   ~~substantial post-judgment judicial supervision to assist in fair and efficient fund distribution.~~ *See*

13   Cal. Rules of Court, rule 3.400(b)(5).  If this case does not proceed as a class action, then the case

14   will likely expand to include many more individual plaintiffs.  Resolution of each of these

15   plaintiffs' individual claims will likely involve testimony from many witnesses and submission of

16   voluminous documentary evidence, with need for coordination of the evidentiary proceedings for

17   efficiency; all of these factors further support complex case designation.  *See* Cal. Rules of Court,

18   rule 3.400(b)(2) and (3).

19   　　　　　　　　　　　　**IV.　CONCLUSION**

20   　　　　For all the reasons above, Plaintiffs request that this Court designate this matter as complex

21   and retain it in this department.

22

23   DATED: November 2, 2015　　　　　　LEONARD CARDER, LLP.

24

25   　　　　　　　　　　　By: _____

26   　　　　　　　　　　　　AARON KAUFMANN
　　　　　　　　　　　　　DAVID POGREL

27   　　　　　　　　　　　　GISELLE OLMEDO

28   　　　　　　　　　　　*Attorneys for Plaintiffs and the putative class*

- 4 -

PLAINTIFFS' STATEMENT RE COMPLEX DETERMINATION HEARING　　　　Case No. RG15787834

6

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>Aaron Kaufmann, 148580<br>Leonard Carder, LLP<br>1188 Franklin Street<br>San Francisco, CA 94109 | | TELEPHONE NO.:<br>(510) 272-0169 | **FILED BY FAX**<br>ALAMEDA COUNTY |
|---|---|---|---|
| ATTORNEY FOR (Name): **Plaintiff** | Ref. No. or File No.:<br>693-1 | | November 09, 2015 |
| Insert name of court, judicial district or branch court, if any:<br>Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | | | CLERK OF<br>THE SUPERIOR COURT<br>By Alicia Espinoza, Deputy<br>CASE NUMBER:<br>RG15787834 |
| PLAINTIFF:<br>Miguel Valadez, Israel Lux Carrillo | | | |
| DEFENDANT:<br>CSX Intermodal Terminals, Inc., et al. | | | |

| **PROOF OF SERVICE** | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>RG15787834 |
|---|---|---|---|---|

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:
PLAINTIFFS' STATEMENT RE COMPLEX DETERMINATION HEARING

By Fax

2. Party Served: CSX Transportation, Inc.

3. Person Served: Corporate Creations Network Inc.- Lorraine Carter - Person authorized to accept service c

4. Date & Time of Delivery: 11/3/2015   2:44 PM

5. Address, City and State: 1430 Truxtun Ave, 5th FL
Bakersfield, CA 93301

6. Manner of Service: Personal Service - By personally delivering copies.

Fee for Service: $ 69.90

Registered California process server.
County: KERN
Registration No.: 460

Chad G. Barger
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA 94947

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 11/6/2015 at Los Angeles, California.

Signature: _____
Chad G. Barger

OL# 8604691

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): Aaron Kaufmann, 148580 Leonard Carder, LLP 1188 Franklin Street San Francisco, CA 94109 | | TELEPHONE NO.: (510) 272-0169 | FOR COURT USE ONLY |
|---|---|---|---|
| ATTORNEY FOR (Name): Plaintiff | Ref. No. or File No 693-1 | | FILED BY FAX ALAMEDA COUNTY November 09, 2015 CLERK OF THE SUPERIOR COURT By Alicia Espinoza, Deputy CASE NUMBER: RG15787834 |
| Insert name of court, judicial district or branch court, if any: Superior Court of California, Alameda County 1225 Fallon Street, #109 Oakland, CA 94612-4293 | | | |
| PLAINTIFF: Miguel Valadez, Israel Lux Carrillo | | | |
| DEFENDANT: CSX Intermodal Terminals, Inc., et al. | | | |

| PROOF OF SERVICE | DATE: | TIME. | DEPT/DIV: | CASE NUMBER: RG15787834 |
|---|---|---|---|---|

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:
PLAINTIFFS' STATEMENT RE COMPLEX DETERMINATION HEARING

*By Fax*

2. Party Served:  CSX Intermodal Terminals, Inc.

3. Person Served:  Corporate Creations Network Inc.-Lorraine Carter - Person authorized to accept service of

4. Date & Time of Delivery:  11/3/2015  2:44 PM

5. Address, City and State:  1430 Truxtun Ave, 5th FL Bakersfield, CA 93301

6. Manner of Service:  Personal Service – By personally delivering copies.

Fee for Service: $ 145.90

Registered California process server.
County: KERN
Registration No.: 460

Chad G. Barger
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA 94947

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 11/5/2015 at Los Angeles, California.

Signature: _____
Chad G. Barger

OL# B604690

7

⌐
Leonard Carder LLP
Attn: Kaufmann, Aaron
1330 Broadway
Suite 1450
Oakland, CA   94612____
⌐                    ⌐ CSX Intermodal Terminals, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Valadez

Plaintiff/Petitioner(s)

vs.

CSX Intermodal Terminals, Inc.

Defendant/Respondent(s)
(Abbreviated Title)

No. RG15787834

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 11/09/2015   TIME: 02:30 PM   DEPARTMENT: 17
LOCATION: Administration Building, Third Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 12/09/2015   TIME: 02:30 PM   DEPARTMENT: 17
LOCATION: Administration Building, Third Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 17 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6933. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 17.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 17.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 17 by e-mail at Dept.17@alameda.courts.ca.gov or by phone at (510) 267-6933.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  10/02/2015                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                 By       *Cheryl Clark*

                                                                Digital
                                                            Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

            Executed on 10/02/2015.

                                 By       *Cheryl Clark*

                                                                Digital
                                                            Deputy Clerk

8

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| Valadez | No. RG15787834 |
|---|---|
| Plaintiff/Petitioner(s) | |
| VS. | Minutes |
| CSX Intermodal Terminals, Inc. | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

Department   17                    Honorable   George C. Hernandez, Jr.     , Judge

Cause called for: Complex Determination Hearing on November 09, 2015.

No appearances are made.

Prior to the hearing, the Court issued a tentative ruling, which was not contested and was affirmed as set forth below.

The order will be issued by the court.

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes including trial to Department 17 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules, and the protocols set forth on the Court's website for Department 17.

All motions and ex parte applications shall be noticed for hearing in Department 17. The parties shall reserve hearing dates and times by contacting the Department 17 courtroom clerk via email at Dept.17@alameda.courts.ca.gov . The courtroom clerk can also be contacted by phone at (510) 267-6933, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

Courtesy (bench) copies of all filings should be delivered directly to Dept. 17 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.17@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 17). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved

M10171437

in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

CASE MANAGEMENT

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb. However, courtesy copies of statements must be delivered directly to Dept. 17. The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:

A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C. Deadlines and limits on joinder of parties and amended or additional pleadings;

D. Class discovery and class certification;

E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F. An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

    (1) unserved parties and the reasons for the failure to serve;

    (2) unserved and/or unfiled cross-complaints;

    (3) related actions pending in any jurisdiction and the potential for coordination or consolidation;

    (4) any possible jurisdictional or venue issues that may arise;

    (5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

    (6) unresolved law and motion matters;

    (7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

    (8) severance of issues for trial; and

    (9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

---

**Minutes**

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Minutes of     11/09/2015
Entered on     11/09/2015

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

                        Deputy Clerk

9

Leonard Carder LLP
Attn: Kaufmann, Aaron
1330 Broadway
Suite 1450
Oakland, CA  94612____

CSX Intermodal Terminals, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Valadez | | No. RG15787834 |
|---|---|---|
| | Plaintiff/Petitioner(s) | Order |
| VS. | | |
| | | Complaint - Other Employment |
| CSX Intermodal Terminals, Inc. | | |
| | Defendant/Respondent(s) | |
| | (Abbreviated Title) | |

The Complex Determination Hearing was set for hearing on 11/09/2015 at 02:30 PM in Department 17 before the Honorable George C. Hernandez, Jr..  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court.  The matter is assigned for all purposes including trial to Department 17 of the Alameda County Superior Court.  Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA  94612.  Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.   All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules, and the protocols set forth on the Court's website for Department 17.

All motions and ex parte applications shall be noticed for hearing in Department 17. The parties shall reserve hearing dates and times by contacting the Department 17 courtroom clerk via email at Dept.17@alameda.courts.ca.gov . The courtroom clerk can also be contacted by phone at (510) 267-6933, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

Courtesy (bench) copies of all filings should be delivered directly to Dept. 17 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.17@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 17). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

CASE MANAGEMENT

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb. However, courtesy copies of statements must be delivered directly to Dept. 17. The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:

A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C. Deadlines and limits on joinder of parties and amended or additional pleadings;

D. Class discovery and class certification;

E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F. An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

  (1) unserved parties and the reasons for the failure to serve;

  (2) unserved and/or unfiled cross-complaints;

  (3) related actions pending in any jurisdiction and the potential for coordination or consolidation;

  (4) any possible jurisdictional or venue issues that may arise;

  (5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

  (6) unresolved law and motion matters;

(7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8)  severance of issues for trial; and

(9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Dated:  11/09/2015

_____
Judge George C. Hernandez, Jr.

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number:  RG15787834
Order After Hearing Re: of 11/09/2015

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 11/10/2015.

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

                                                    Deputy Clerk

10

1   Aaron Kaufmann, State Bar No. 148580

FILED BY FAX
ALAMEDA COUNTY
November 18, 2015
CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy
CASE NUMBER:
RG15787834

    David Pogrel, State Bar No. 203787
2   Giselle Olmedo, State Bar No. 294750
    LEONARD CARDER, LLP
3   1330 Broadway, Suite 1450
    Oakland, CA 94612
4   Tel: (510) 272-0169
    Fax: (510) 272-0174
5   E-mail: akaufmann@leonardcarder.com
    E-mail: dpogrel@leonardcarder.com
6   E-mail: golmedo@leonardcarder.com
7

8

    *Attorneys for Plaintiffs*
9
            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                    FOR THE COUNTY OF ALAMEDA
11

12   MIGUEL VALADEZ, ISRAEL LUX            **Case No.  RG15787834**
     CARRILLO, on behalf of themselves and
13   all others similarly situated,

14          Plaintiffs,                     **PROOF OF SERVICE RE**
                                            **COMPLEX DETERMINATION**
15      v.                                  **HEARING MINS. & ORDER FOR**
                                            **CSX TRANSPORTATION, INC.**
16
     CSX INTERMODAL TERMINALS, INC.,
17   CSX TRANSPORTATION, INC., and
     DOES 1 to 10 inclusive,
18
            Defendants.
19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE RE                                    CASE NO. RG15787834
COMPLEX DETERMINATION HEARING MINS. & ORDER

**PROOF OF SERVICE**

I certify that I am over the age of 18 years and not a party to the within action; that my business address is 1330 Broadway, Ste. 1450 Oakland, CA 94612; and that on this date I served a true copy of the document regarding:

- **COMPLEX DETERMINATION HEARING MINUTES; AND,**

- **ORDER COMPLEX DETERMINATION HEARING.**

On November 18, 2015, service was effectuated by forwarding the above-noted document in the following manner:

[ ] By Certified Mail/ Return Receipt Requested in a sealed envelope, addressed as noted below, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of LEONARD CARDER LLP.

[X] By U.S. Mail, by placing the document(s) listed above in a sealed envelope, addressed as noted below, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of LEONARD CARDER LLP.

CSX Transportation, Inc.
c/o Corporate Creations Network Inc.
1430 Truxtun Ave, 5th FL,
Bakersfield, CA 93301

[ ] By Hand Delivery in a sealed envelope, addressed as noted below, through services provided by and billed to LEONARD CARDER LLP.

[ ] By Facsimile to the numbers as noted below by placing it for facsimile transmittal following the ordinary business practices of LEONARD CARDER LLP.

[ ] By Overnight Courier in a sealed envelope, addressed as noted below, through services provided by (Federal Express, UPS,) and billed to LEONARD CARDER LLP.

[ ] By Electronic service **via File & Serve*Xpress*** on the recipients designated on the Transaction Receipt located on the File & Serve*Xpress* website.

[ ] By Email, to the recipients at the address as noted below.

I declare under penalty of perjury, under the law of the State of California, that the foregoing is true and correct.

Executed on Wednesday, November 18, 2015, at Oakland, California.

_____
Mari Adriano

-1-

PROOF OF SERVICE                                                    PROOF OF SERVICE

1   Aaron Kaufmann, State Bar No. 148580
    David Pogrel, State Bar No. 203787
2   Giselle Olmedo, State Bar No. 294750
    LEONARD CARDER, LLP
3   1330 Broadway, Suite 1450
    Oakland, CA 94612
4   Tel: (510) 272-0169
    Fax: (510) 272-0174
5   E-mail: akaufmann@leonardcarder.com
    E-mail: dpogrel@leonardcarder.com
6   E-mail: golmedo@leonardcarder.com
7

8   *Attorneys for Plaintiffs*

9           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF ALAMEDA

11

12  MIGUEL VALADEZ, ISRAEL LUX          Case No. RG15787834
    CARRILLO, on behalf of themselves and
13  all others similarly situated,

14          Plaintiffs,                  **PROOF OF SERVICE RE
                                         COMPLEX DETERMINATION**
15      v.                              **HEARING MINS. & ORDER FOR
                                         CSX INTERMODAL TERMINALS, INC.**
16  CSX INTERMODAL TERMINALS, INC.,
17  CSX TRANSPORTATION, INC., and
    DOES 1 to 10 inclusive,
18
            Defendants.
19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE RE                                    CASE NO. RG15787834
COMPLEX DETERMINATION HEARING MINS. & ORDER

FILED BY FAX
ALAMEDA COUNTY
November 18, 2015
CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy
CASE NUMBER:
RG15787834

**PROOF OF SERVICE**

I certify that I am over the age of 18 years and not a party to the within action; that my business address is 1330 Broadway, Ste. 1450 Oakland, CA 94612; and that on this date I served a true copy of the document regarding:

- **COMPLEX DETERMINATION HEARING MINUTES; AND,**

- **ORDER COMPLEX DETERMINATION HEARING.**

On November 18, 2015, service was effectuated by forwarding the above-noted document in the following manner:

☐ By Certified Mail/ Return Receipt Requested in a sealed envelope, addressed as noted below, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of LEONARD CARDER LLP.

☒ By U.S. Mail, by placing the document(s) listed above in a sealed envelope, addressed as noted below, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of LEONARD CARDER LLP.

CSX Intermodal Terminals, Inc.
c/o Corporate Creations Network Inc.
1430 Truxtun Ave, 5th FL,
Bakersfield, CA 93301

☐ By Hand Delivery in a sealed envelope, addressed as noted below, through services provided by and billed to LEONARD CARDER LLP.

☐ By Facsimile to the numbers as noted below by placing it for facsimile transmittal following the ordinary business practices of LEONARD CARDER LLP.

☐ By Overnight Courier in a sealed envelope, addressed as noted below, through services provided by (Federal Express, UPS,) and billed to LEONARD CARDER LLP.

☐ By Electronic service **via File & Serve***Xpress* on the recipients designated on the Transaction Receipt located on the File & Serve*Xpress* website.

☐ By Email, to the recipients at the address as noted below.

I declare under penalty of perjury, under the law of the State of California, that the foregoing is true and correct.

Executed on Wednesday, November 18, 2015 at Oakland, California.

Mari Adriano

PROOF OF SERVICE                                                    PROOF OF SERVICE