UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL VALADEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CSX INTERMODAL TERMINALS, INC.,<br><br>Defendant. | Case No. 15-cv-05433-EDL<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL UNDER 28 § U.S.C. 1292(B)**<br><br>Re: Dkt. No. 172 |

On September 30, 2015, Plaintiffs filed this action in Alameda Superior Court. Defendant removed this action to this Court on November 25, 2015. On January 30, 2018, Plaintiffs filed a Motion for Partial Summary Judgment as to Plaintiffs' employment status in this wage and hour case. (Dkt. No. 105). This Court denied Plaintiffs' Motion on March 27, 2018. (Dkt. No. 135). Since the Order denying Plaintiffs' Motion for Partial Summary Judgment was entered over fourteen months ago, Plaintiffs have submitted substantial briefing and arguments in an effort to persuade this Court to reconsider its March 27, 2018 Order (*See* Dkt Nos. 140, 142, 145, 147, 151, and 157).

On January 24, 2019, following a decision from the Ninth Circuit Court of Appeals regarding preemption of the Federal Aviation Administration Authorization Act ("FAAAA") and the use of California's common law test for determining an employee's status, this Court requested the parties to submit supplemental briefing on the preemption question and severability question. (Dkt. No. 165). The parties complied with the request. (*See* Dkt. Nos. 167, 168). On March 15, 2019, after considering the parties' extensive briefing on Plaintiffs' Motion for Reconsideration, the Court denied Plaintiffs' Motion for Reconsideration. (Dkt. No. 169).

Nearly two months later, Plaintiffs filed a Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) of the Court's March 15, 2019 Order. The Court has carefully

reviewed the parties' briefing on this Motion, and for the reasons stated in this order, denies the petition.

## I.      Legal Standards

### A.      Timeliness of a Request for Interlocutory Appeal

Though there is no specified time limit for seeking certification, § 1292(b) provides for an "immediate appeal," and "a district judge should not grant an inexcusably dilatory request," Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc., 202 F.3d 957, 958 (7th Cir. 2000). Although a judge has the power to amend her orders at any time to certify for interlocutory appeal, "[t]he ten-day limitation in section 1292(b) is not to be nullified by promiscuous grants of motions to amend. An amendment that will have the effect of extending the limitation is proper only if there is a reason for the delay." Weir v. Propst, 915 F.2d 283, 287 (7th Cir. 1990).

### B.      Requirements for Interlocutory Appeals under 28 U.S.C. 1292 (b)

As a general rule, a party may seek review of a district court's rulings only after the entry of final judgment. In re Cement Antitrust Litig., 673 F.2d 1020, 1027 (9th Cir.1982). The district court may under "exceptional" circumstances, however, certify an order for interlocutory review pursuant to 28 U.S.C. § 1292(b). Id. at 1026 (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (holding that "exceptional circumstances [must] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment")). Certification may be appropriate where: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b).

"[T]he party pursuing the interlocutory appeal bears the burden of ... demonstrating" that all three requirements have been met. Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). Moreover, "[c]ertification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." Id. "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."

James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).  "It was not intended merely to provide review of difficult rulings in hard cases." U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).

### 1. Controlling Question of Law

An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." Cement Antitrust Litig., 673 F.2d at 1026.  Section 1292(b) "was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit." United States v. Woodbury, 263 F.2d 784, 787 (9th Cir. 1959).

While the challenged issue need not be dispositive of the entire lawsuit to be controlling, see Kuehner v. Dickinson & Co., 84 F.3d 316, 319 (9th Cir. 1996), this first step of § 1292(b) analysis "should, at a minimum, require that reversal have some immediate effect on the course of litigation and result in some savings of resources." F.T.C. v. Swish Mktg., 2010 WL 1526483, *2 (N.D. Cal. Apr. 14, 2010) (Seeborg, J) (citation omitted).  Interlocutory review may be denied where reversal of the court's order would only expand the trial, not terminate or limit it.  See Cornerstone Staffing Solutions v. James, 2014 WL 1364993, at *2 (N.D. Cal. Apr. 7, 2014) (Seeborg, J) (in denying request for interlocutory appeal, stating: "If this action were stayed pending appeal and the Ninth Circuit ruled in James' favor, the litigation would not end; the scope of the upcoming trial would merely expand. Unlike in Yoshimito and Asis, there is no risk that in the absence of interlocutory review the court might proceed with a trial that never should have been held in the first place.").

Further, the Ninth Circuit has rejected construing a question of law as controlling simply because "it is one the resolution of which may appreciably shorten the time, effort, or expense of conducting a lawsuit." In re Cement Antitrust Litig., 673 F.2d at 1027 ("Congress could easily have chosen only to require that a question materially advance the litigation in order for it to be immediately reviewable.  Since Congress chose to add the additional requirement that the issue for

3

which review is sought must be a 'controlling question of law,' it would be improper for us to construe the statute as though these two requirements were interchangeable.").

### 2. Substantial ground for difference of opinion

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" Id. "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011) ("Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent."). "However, 'just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.'" Couch, 611 F.3d at 633.

### 3. Whether immediate appeal would materially advance the termination of the litigation

"This factor is closely related to the question of whether an issue of law is 'controlling' 'in that the [district court] should consider the effect of a reversal ... on the management of the case.'" Lakeland Vill. Homeowners' Ass'n v. Great Am. Ins. Co., 727 F.Supp.2d 887, 896 (E.D. Cal. 2010). The Ninth Circuit has explained that section 1292(b) does not require "that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." Reese, 643 F.3d at 688 (noting that the district court found that reversal of the order may take a defendant and claims out of the case and that was "sufficient to advance materially the litigation"); see also Ass'n of Irritated Residents v. Fred Schakel Dairy, 634

F.Supp.2d 1081, 1093 (E.D.Cal.2008) ("[T]he Ninth Circuit has not limited 1292(b) motions to actions where the question is dispositive of the entire action").  The ultimate question is whether permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings."  Allen v. ConAgra Foods, Inc., No. 3:13-CV-01279-WHO, 2019 WL 1466889, at *3 (N.D. Cal. Feb. 6, 2019).

## II.     Application of the Legal Standards to the Facts

### A.     Plaintiffs' Motion Likely is Untimely

On March 15, 2019, the court denied Plaintiffs' Motion for Reconsideration.  This was after the Court requested supplemental briefing from the parties on the FAAAA preemption question.  Plaintiffs did not file their Motion for Certification until nearly two months after the Court's denial of reconsideration Order.  Plaintiffs state that they moved for certification only 42 days after Judge England ruled differently than this Court on the FAAAA preemption question.  That is not a sufficient basis to nullify the ten-day limitation set forth in section 1292(b).

### B.     Plaintiffs Have Not Met 1292(b)'s Requirements for Interlocutory Appeal

Even if Plaintiffs' motion were timely, Plaintiffs have not met the three requirements set forth by 28 U.S.C. § 1292(b) to allow this Court to certify that each requirement has been met.

First, whether FAAAA preempts any portion of the ABC test is an important legal issue in this case, but not a controlling one.  As not all of Plaintiffs' claims relate to California's wage orders, a determinative ruling on the employee classification question from the Ninth Circuit would not control all claims or defenses in this lawsuit.

Second, Plaintiffs have not shown that there is a substantial ground for difference of opinion by submitting other decisions from other district courts.  While reasonable minds may differ, "the mere fact that one district court came to a different conclusion on the same issue is insufficient to establish a substantial ground for different of opinion").  Spears v. Wash. Mut. Bank, 2010 WL 54755, at *3 (N.D. Cal. Jan. 8, 2010) (Court rejected Defendant's motion for certification for interlocutory appeal); see also id., at *2 ("It was not intended merely to provide

5

review of difficult rulings in hard cases.").

Finally, Plaintiffs have not met their burden of demonstrating that an immediate appeal will materially advance the termination of the litigation. Defendant correctly points out that "there will be further discovery (on the claims of Plaintiffs and the PAGA members) and the parties will go to trial unless there is settlement." The Court's March 2018 Order denying Plaintiffs' Motion for Partial Summary Judgment left issues of fact that were not appropriate for summary adjudication. In addition, those claims that do not fall under California's IWC Wage Order No. 9 (that was the subject of the California Supreme Court's Dynamex decision), will require discovery and then possibly further motion practice and likely trial. Considering the number of issues that would not be resolved if this Court's March 15, 2019 Order was certified for appeal, Plaintiffs have not met their burden to demonstrate that interlocutory appeal is necessary or appropriate.

Accordingly, Plaintiffs' Motion for Certification for Interlocutory Appeal is denied.

**IT IS SO ORDERED.**

Dated: June 28, 2019

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge