UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL VALADEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CSX INTERMODAL TERMINALS, INC., <br><br> Defendant. | Case No. 15-cv-05433-AGT <br><br> **ORDER APPROVING PAGA SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND COSTS, AND MOTION TO SEAL** <br><br> Re: Dkt. Nos. 190, 198, 200 |

Former truckers for CSX Intermodal Terminals assert that CSX misclassified them as independent contractors and as such denied them employment benefits. In *Valadez* and in three related cases,[1] the former truckers raise claims, based on the misclassification, for violations of the California Labor Code.

Last fall the parties reached a global settlement. All claims but one in the four cases were brought by individual truckers rather than by a class or in a representative capacity, so court approval of the global settlement largely isn't required. The exception is the portion of the global settlement that covers the *Valadez* plaintiffs' representative claim under California's Private Attorneys General Act. PAGA settlements require court approval.

A motion to approve the PAGA settlement is before the Court, as are two related motions, one for an award of attorneys' fees and costs and the other to seal the monetary terms of the individual settlements. The Court previously asked the parties to submit supplemental briefing on the PAGA settlement. *See* ECF No. 193. Having considered that briefing, *see* ECF No. 199, as well as the underlying motions, the Court now approves the PAGA settlement and grants the motions.

---

[1] *See Goyal v. CSX Intermodal Terminals, Inc.*, No. 17-cv-06081-EMC (N.D. Cal.); *Briceno v. CSX Intermodal Terminals, Inc.*, No. 17-cv-02147-AGT (N.D. Cal.); *Ledesma v. CSX Intermodal Terminals, Inc.*, No. 16-cv-05237-AGT (N.D. Cal.).

**A.     Approval of the PAGA Settlement**

PAGA permits workers to bring suit on behalf of the State of California to enforce labor code violations. If the suit is successful, workers and the state split any penalties that are imposed against the violator. *See* Cal. Lab. Code § 2699(i). Because a worker who brings a PAGA claim "does so as the proxy or agent of the state's labor law enforcement agencies," *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009), the California legislature has asked courts to review and approve PAGA settlements, *see* Cal. Lab. Code § 2699(*l*)(2). In considering whether to approve a PAGA settlement, courts in this district consider whether the settlement is fair, reasonable, and adequate. *See, e.g.*, *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 971–72 (N.D. Cal. 2019); *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016). For several reasons, the PAGA settlement at issue here is fair, reasonable, and adequate.

<u>The settlement amount is reasonable</u>. The parties have agreed to settle the PAGA claim for $80,000, an amount that represents six percent of the maximum potential value of the claim. *See* Mot. for Approval, ECF No. 190 at 6. A six-percent recovery is modest but is also reasonable under the circumstances. As plaintiffs note, two-fifths of their PAGA eligible predicate claims have been all but eliminated from the case by administrative findings and by an opinion of the Federal Motor Carrier Safety Administration. *See* Suppl. Brief, ECF No. 199 at 9, 19. With these predicates knocked out, the effective maximum recovery has been considerably reduced. Further, to prevail on the remaining predicate claims, plaintiffs would need to prove that CSX improperly designated them as independent contractors. The designation issue is fact intensive and a jury could reasonably rule in CSX's favor. *See* ECF No. 135 at 21–39 (order denying plaintiffs' motion for summary judgment on the designation issue), *reconsideration denied*, ECF No. 169. If that were to happen, the PAGA recovery could be zero. The six-percent recovery reasonably takes these risks and others into account.

<u>The settlement saves time and money</u>. The settlement ends the case now instead of at an indeterminate date in the future, saving time and money. While this could be said of all settlements, here in particular this point holds weight. For years the parties have engaged in extensive motion practice, litigating numerous questions of law, including several difficult

1  preemption issues. If the case were to proceed to trial and judgment, there is a high likelihood that
2  one or more of the Court's rulings on those issues would be appealed. *See* Suppl. Brief, ECF No.
3  199 at 6 (noting that plaintiffs would plan to appeal the Court's ruling that their most valuable
4  expense-reimbursement claims were preempted by federal Truth-in-Leasing regulations); *id.* at 9
5  (explaining that defendants would likely appeal the Court's ruling that all claims weren't
6  preempted by the Federal Aviation Administration Authorization Act). The settlement will
7  provide the plaintiffs and the State of California with guaranteed money in the near term, instead
8  of a potential recovery years in the future.

9  <u>The State of California has not objected</u>. As required by law, plaintiffs provided the
10 California Labor and Workforce Development Agency ("LWDA") with a copy of the settlement
11 agreement. *See* ECF No. 197. More than 60 days have passed since then, and the LWDA hasn't
12 objected or responded to the agreement. The LWDA's silence doesn't mean that the agency has
13 reviewed the settlement and favors it; but the lack of an objection by the agency does weigh in
14 favor of approval. *See Jordan v. NCI Grp. Inc.*, No. 16-cv-1701 JVS (SP), 2018 WL 1409590, at
15 *3 (C.D. Cal. Jan. 5, 2018) (finding it persuasive that "the LWDA was permitted to file a response
16 to the proposed [PAGA] settlement and no comment or objection [was] received"); *cf. O'Connor*,
17 201 F. Supp. 3d at 1131–32 (refusing to approve a PAGA settlement when, *inter alia*, the LWDA
18 expressed concerns about the settlement's terms).

19 <u>The proposed distribution is appropriate</u>. After fees and costs are deducted, 75 percent of
20 the PAGA settlement amount will be distributed to the LWDA and 25 percent will be distributed
21 to the affected workers. *See* ECF No. 190 at 12–13, Settlement § 6(b). This allocation conforms
22 with PAGA's requirements. *See* Cal. Lab. Code § 2699(i) (setting a 75/25 default allocation
23 between the state and affected workers for PAGA penalties).

24                                              * * *

25 Settlements reflect a give-and-take in which both sides must make concessions. The
26 parties' PAGA settlement is no exception. It won't provide plaintiffs and the State of California
27 with all of the relief that they conceivably could have obtained; but it will provide them with more
28 than de minimis monetary relief, and it will do so in the near term, not years in the future. The

United States District Court
Northern District of California

3

settlement is fair, reasonable, and adequate—and the Court approves it.

**B.     Approval of Attorneys' Fees and Costs Award**

Reasonable attorneys' fees and costs are recoverable under PAGA. *See* Cal. Lab. Code § 2699(g)(1). From the $80,000 PAGA settlement, plaintiffs' counsel seeks to recover $20,000 in attorneys' fees and $5,000 for reimbursement of litigation expenses. Both amounts are reasonable.

The requested attorneys' fees award would represent 25 percent of the PAGA settlement. Twenty-five percent is the benchmark percentage award for attorneys' fees in common fund class actions. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). A PAGA representative action isn't a common fund class action, but the two have similarities and courts have used the 25 percent benchmark in the PAGA context. *See, e.g.*, *Abelar v. Am. Residential Servs., LLC*, No. 19-cv-00726 JAK (JPR), 2019 WL 6054607, at *5–6 (C.D. Cal. Nov. 14, 2019); *Kurihara v. Best Buy Co.*, No. 06-cv-1884 MHP (EMC), 2010 WL 11575583, at *3 (N.D. Cal. June 7, 2010), *report and recommendation adopted*, 2010 WL 11575584 (N.D. Cal. July 6, 2010). The Court uses the benchmark here and finds no reason to deviate from it. The requested fee award aligns with the benchmark and is thus reasonable.

As for litigation expenses, the record supports that plaintiffs' counsel incurred $53,836 in expenses in investigating and litigating the present action and the related *Goyal* action. *See* ECF No. 200-1 at 17, Pogrel Decl. ¶ 46. Allocating at least $5,000 of these expenses to the PAGA claim is reasonable, so the Court approves that award.

Plaintiffs' motion for attorneys' fees and costs is granted.

**C.     Approval of Motion to Seal**

At the Court's request, plaintiffs disclosed in their supplemental brief and in their motion for attorneys' fees the total amount that CSX has agreed to pay to settle all of the individual, non-PAGA claims in this case and in the related cases. Because these sums are confidential and were privately negotiated, the parties have asked the Court for permission to redact them from the public record and to file references to them under seal. *See* ECF No. 198 at 2–3.

The public's right to view the terms of the non-PAGA, individual settlements is limited. Those settlements don't require court approval and their terms wouldn't have been disclosed but

4

for the Court's request. In comparison, the parties have a legitimate interest in keeping the terms of their individual settlements private. Indeed, confidentiality was part of their bargain. *See* ECF No. 198 at 5 ("Strict confidentiality is a fundamental term of the parties' final settlement agreements . . . ."). Given the respective interests, the Court finds compelling reasons to grant the parties' motion to seal.

**IT IS SO ORDERED.**

Dated: May 13, 2020

ALEX G. TSE
United States Magistrate Judge